UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| GREGORY ALLEN HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-112 |
| ) | |
| EMANUEL PROBATION ) | |
| DETENTION CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On December 18, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil

actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Prior to bringing an action under any federal law challenging the conditions of his confinement, a prisoner is required to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."). The Eleventh Circuit has made clear that this mandatory exhaustion requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement. See Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if

an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 2006 WL 2468533 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155).

Plaintiff has indicated in his complaint that he has filed a grievance pertaining to an incident at the Emanuel Probation Detention Center in November 2006. He states that he appealed the denial of his grievance "to Atlanta" and acknowledges that the appeal is currently pending. Doc. 1. Plaintiff, therefore, has not fully exhausted his administrative remedies as

required under 42 U.S.C. § 1997e. Accordingly, the Court recommends that plaintiff's complaint be DISMISSED without prejudice for failure to exhaust his administrative remedies.

**SO REPORTED AND RECOMMENDED** this 18th day of **January, 2007**.

```
                              /s/ M. Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```